UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MASAO KIKUCHI,

       Petitioner,

v.                                            Case No. 16-11182

MITCH PERRY,

       Respondent.
_____/

**OPINION AND ORDER
DENYING PETITIONER'S MOTION TO APPOINT COUNSEL [Dkt. # 9],
GRANTING PETITIONER'S MOTION TO AMEND [Dkt. # 10],
DENYING PETITIONER'S MOTION TO PROCEED ANONYMOUSLY [Dkt. # 11],
GRANTING RESPONDENT'S MOTION TO DISMISS [Dkt. # 12],
DISMISSING THE HABEAS CORPUS PETITIONS [Dkt. # 1 and # 3], AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

      This matter has come before the court on petitioner Masao Kikuchi's *pro se* habeas corpus petition under 28 U.S.C. § 2254 and respondent Mitch Perry's motion to dismiss the petition. Also pending before the court are Petitioner's motion for appointment of counsel, his motion to amend the habeas petition, and his motion to proceed anonymously.

      The court agrees with Respondent that substantive review of Petitioner's claims is barred by the statute of limitations, 28 U.S.C. § 2244(d). Accordingly, Respondent's motion to dismiss will be granted, and the habeas petition will be dismissed as untimely. Additionally, for the reasons given below, the motions to appoint counsel and to proceed anonymously are denied, and the motion to amend is granted.

## I. BACKGROUND

Petitioner was charged in Wayne County, Michigan with three counts of criminal sexual conduct in the first degree, see Mich. Comp. Laws § 750.520b(1), three counts of child sexually abusive activity, see Mich. Comp. Laws § 750.145c(2), and three counts of possession of child sexually abusive material, see Mich. Comp. Laws § 750.145c(4). On March 16, 2007, Petitioner pleaded guilty in Wayne County Circuit Court to one count of first-degree criminal sexual conduct and one count of child sexually abusive activity. In return, the prosecutor dropped the other seven charges, and the parties agreed to a sentence of ten to thirty years.

On April 2, 2007, the trial court sentenced Petitioner to concurrent terms of ten to thirty years in prison for the criminal sexual conduct and ten to twenty years in prison for the child sexually abusive activity. Petitioner did not appeal his convictions or sentence, and the deadline for doing so expired on April 2, 2008, one year after he was sentenced.[1]

Several years later, in March of 2013, Petitioner filed a motion for relief from judgment in the state trial court. He alleged that his trial attorney failed to explain the ramifications of his guilty plea, that his guilty plea was not voluntary and knowing, and that his sentence exceeded the sentencing guidelines. The trial court denied Petitioner's motion, stating that Petitioner was aware of the direct consequences of pleading guilty, that his plea was voluntary and understanding, and that his sentence

---

[1] See Mich. Ct. R. 7.205(G)(3). This rule currently provides defendants in criminal cases with six months in which to appeal their convictions to the Michigan Court of Appeals, but prior to the rule's amendment in June of 2011, the deadline was twelve months. See Staff Comment to the June 2011 amendment to Rule 7.205.

2

was valid. *See People v. Kikuchi*, No. 07-004084-01 (Wayne Cty. Cir. Ct. June 12, 2013) (unpublished).

Petitioner appealed the trial court's decision on the basis that his sentencing agreement was misleading and, therefore, his guilty plea was not knowing and voluntary. The Michigan Court of Appeals denied leave to appeal due to Petitioner's failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Kikuchi,* No. 316979 (Mich. Ct. App. Oct. 18, 2013) (unpublished). On May 27, 2014, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Kikuchi*, 846 N.W.2d 562 (Mich. 2014).

On December 8, 2014, Petitioner filed a second motion for relief from judgment. He claimed that the prosecutor arbitrarily picked a sentence of ten to thirty years and also deceived him by stating that the plea agreement was "less than standard." Additionally, Petitioner claimed that he was denied his right to counsel at a critical stage due to defense counsel's ineffectiveness and that his guilty plea was invalid because the trial court did not advise him of his rights on the record.

The trial court denied Petitioner's motion, *see People v. Kikuchi*, No. 07-004084-01-FC (Wayne Cty. Cir. Ct. Feb. 9, 2015) (unpublished), and the Michigan Court of Appeals dismissed Petitioner's subsequent appeal for lack of jurisdiction. The Court of Appeals stated that Petitioner's motion for relief from judgment was a successive motion and that Petitioner was not entitled to appeal the denial of a successive motion for relief from judgment. *See People v. Kikuchi*, No. 326263 (Mich. Ct. App. May 19, 2015) (unpublished order citing Michigan Court Rule 6.502(G)). On May 2, 2016, the

Michigan Supreme Court likewise denied leave to appeal because Petitioner's motion for relief from judgment was prohibited by Michigan Court Rule 6.502(G). *See People v. Kikuchi*, 878 N.W.2d 282 (Mich. 2016).

Meanwhile, on March 29, 2016, Petitioner signed his habeas corpus petitions and on March 31, 2016, the Clerk of this Court filed the petitions.[2] Petitioner alleges as grounds for relief that (1) the prosecution's arbitrary actions and deception during the plea process deprived him of due process, and (2) his right to counsel was violated during the plea process because defense counsel agreed with the prosecutor's assessment of the plea agreement and failed to explain the elements and nature of the crimes to him. In May and June of 2016, Petitioner filed his pending motions, and on October 5, 2016, Respondent filed his motion to dismiss the petition.

## II. DISCUSSION

### A. The Motion for Appointment of Counsel

Petitioner alleges in his motion for appointment of counsel that he cannot afford to retain counsel and that he could be transferred to the custody of immigration officials and deported to Japan in the near future. He asserts that he needs an attorney because he will not have access to a law library or to American legal materials if he is deported.

Petitioner has no right to appointment of counsel in a collateral attack on his convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Id*. Appointment of counsel

---

[2] The habeas petition was entered on the docket two times. Consequently, there are two identical petitions pending before the court: Dkt. # 1 and Dkt. # 3.

in a civil proceeding such as this one "is justified only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Petitioner has ably represented himself thus far, having filed a habeas petition with a supporting brief and multiple exhibits, three motions, and a reply to Respondent's motion to dismiss. Furthermore, he remains in the custody of Michigan correctional officials, and "the interests of justice" do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B). The court therefore denies Petitioner's motion for appointment of counsel (Dkt. # 9).

### B. The Motion to Amend

Petitioner seeks permission to amend his habeas petition to reflect the fact that, after he filed his petition, the Michigan Supreme Court denied leave to appeal the trial court's decision on his second motion for relief from judgment. Under Federal Rule of Civil Procedure 15(a)(1)(B), a party may amend his or her pleading once as a matter of course within twenty-one days after service of a responsive pleading. And under Rule 15(d), the Court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

Petitioner's habeas petition was filed on March 31, 2016, and on May 2, 2016, the Michigan Supreme Court denied Petitioner's final application for leave to appeal. Respondent subsequently served Petitioner with his responsive pleading. Because Petitioner had not yet been served with the responsive pleading when he moved to amend his habeas petition, he was entitled to amend his habeas petition under Rule

5

15(a)(1)(B) to reflect the fact that he no longer has an appeal pending in any state court. And under Rule 15(d), Petitioner is entitled to supplement his habeas petition with a copy of the state supreme court's order dated May 2, 2016.  Accordingly, the court grants Petitioner's motion to amend his habeas petition (Dkt. # 10).

### C.  The Motion to Proceed Anonymously

In his final motion, Petitioner seeks permission to proceed anonymously in this case on the basis that the victim of his crimes is his daughter.  Petitioner contends that, by revealing his name, his daughter's identity will be disclosed and her privacy interest will be harmed.

"As a general rule, . . . parties may not litigate their disputes anonymously." *Doe v. Greiner*, 662 F. Supp. 2d 355, 360 (S.D.N.Y. 2009) (citing Fed. R. Civ. P. 10(a)). Instead, "a complaint must state the names of all parties." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (citing Fed. R. Civ. P. 10(a)).

> "This requirement . . . serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly."  *Sealed Plaintiff [v. Sealed Defendant*, 537 F.3d 185, 188–89 (2nd Cir. 2008)]. Public scrutiny of proceedings regarding petitions for writs of habeas corpus is particularly important.  *See Mancuso v. Harris*, 677 F.2d 206, 209 (2d Cir. 1982) ("[I]t is unquestionable that the federal court's review of the petition implicates the public interest in the enforcement of the criminal law in the state courts").

*Greiner*, 662 F. Supp. 2d at 360.  Courts nevertheless

> may excuse plaintiffs from identifying themselves in certain circumstances. Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings.  They include:  (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate

>the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981).

*Porter*, 370 F.3d at 560.

Petitioner is challenging state governmental activity, and his lawsuit discloses intimate information, but he is not disclosing an intent to violate the law in the future, and he is not a child or filing on behalf of a child. It further appears that the victim of his crimes is no longer a child.

The court also notes that Petitioner pursued two rounds of post-conviction proceedings in state court using his own name, and, in this court, he filed his habeas petitions and two prior motions using his own name. Respondent has not disclosed the victim's name, and this court will not disclose the victim's name in its orders. As such, the court finds it unnecessary to allow Petitioner to proceed anonymously or to seal his case at this stage of the proceedings. Accordingly, the motion to proceed anonymously (Dkt. # 11) is denied.

### III. RESPONDENT'S MOTION TO DISMISS

#### A. The Statute of Limitations

Respondent urges the court to dismiss the habeas petitions as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA established a one-year period of limitations for state prisoners to file federal habeas corpus petitions. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Holbrook v. Curtin*, 833 F.3d 612, 615 (6th Cir. 2016) (citing § 2244(d)(1)). The limitations period runs from the latest of following four dates:

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). "AEDPA also contains a tolling provision, which specifies that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.'" *Holbrook*, 833 F.3d at 615 (quoting 28 U.S.C. § 2244(d)(2)).

A conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

### B. Application

Petitioner did not take a direct appeal from his convictions. Therefore, his judgment became final under § 2244(d)(1)(A) on April 2, 2008, when the one-year

8

deadline expired for pursuing direct review in state court. *See Gonzalez*, 132 S. Ct. at 653-54; *see also* Mich. Ct. R. 7.205(G)(3). The statute of limitations began to run on the following day, *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002), and it expired one year later on April 2, 2009. Petitioner did not file his habeas petitions until 2016, and his motions for relief from judgment, filed in 3013 and 2014, did not revive the limitations period or restart the clock at zero. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998)). Consequently, the habeas petition is untimely.

### C.  Delayed Start

Petitioner argues in favor of a delayed start to the limitations period under 28 U.S.C. § 2244(d)(1)(D), the provision for newly discovered evidence. Petitioner purports to have new evidence that the prosecutor acted fraudulently in making him believe that no constitutional violations occurred during the plea process. (*See* Dkt. # 14, Pg. ID 570-71.) Petitioner asserts that the prosecutor falsely described the agreement as "less than standard." Petitioner also contends that the sentencing guidelines were improperly scored, that the dismissed charges did not benefit him, and that he was not informed of his rights or the elements of the crimes.

"Section 2244(d)(1)(D) runs the clock from 'the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1932 (2013). Habeas petitioners carry the burden of showing that they exercised due diligence in discovering the factual predicate for their claims. *McCoy v. Jones*, 463 F. App'x 541, 549 (6th Cir. 2012);

9

*Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002) (citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001)).

The facts supporting Petitioner's claims -- that the prosecutor deceived him, that his trial attorney was ineffective, that his plea agreement was invalid, and that his sentencing guidelines were miscalculated -- could have been discovered with reasonable diligence when Petitioner was sentenced or shortly thereafter. Although he appears to allege that he did not discover the basis for his claims until March 11, 2013, *see* Brief in Support of Pet. for Writ of Habeas Corpus at 3, Dkt. # 1, Pg. ID 49, "an application that 'merely alleges that the applicant did not actually know the facts underlying his . . . claim' is insufficient to show due diligence." *Stokes*, 36 F. App'x at 804 (quoting *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997)). Petitioner's complete failure to investigate the facts until years after he was sentenced does not satisfy the "due diligence" standard of § 2244(d)(1)(D). *McCoy*, 463 F. App'x at 549. The court therefore declines to start the limitations period as of March 11, 2013.

### D. Equitable Tolling

In addition to arguing in favor of a delayed start to the running of the limitations period, Petitioner urges the court to equitably toll the limitations period. He maintains that he has been pursuing his rights diligently and that the State deceived him. (*See* Dkt. # 14, Pg. ID 571-72.)

The Supreme Court has "made clear that a [habeas] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

*Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting *Holland's* two-factor test for determining whether a habeas petitioner is entitled to equitable tolling). In support of his argument that he has been pursuing his rights diligently, Petitioner points out that he filed two post-conviction motions for relief from judgment. The problem, however, is that Petitioner filed his first post-conviction motion almost six years after he was sentenced, and he took no action in his case during the interim. His inaction reflects a lack of diligence.

Petitioner also has not demonstrated that some extraordinary circumstance prevented him from filing a timely habeas petition. He contends that the sentencing guidelines were miscalculated and that the prosecutor deceived him by stating that the proposed plea agreement was "less than standard." He also claims that his attorney acted as a second prosecutor by recommending that he accept the prosecutor's plea offer. None of these allegations excuse the late filing of the habeas petitions.

The record, moreover, belies Petitioner's assertions, as well as Petitioner's additional contention that his guilty plea was involuntary and unknowing. Although the transcript to the plea proceeding apparently is unavailable, the state trial court determined in one of its post-conviction orders that the sentencing guidelines were accurately scored. *See People v. Kikuchi,* No. 07-004084-01-FC, Opinion, at 3 (Wayne Cty. Cir. Ct. Feb. 9, 2015); (Dkt. # 13-8, Pg. ID 359). And because Petitioner's minimum sentence of ten years (120 months) was lower than the minimum range

11

suggested by the sentencing guidelines (126-210 months), the sentence offered in the plea agreement was "less than standard." (*See* Dkt. # 1, Ex. 5e, Pg. ID 75.)

The plea agreement was "less than standard" for another reason: it called for the dismissal of seven serious charges. Petitioner contends that the dismissal of the charges was of no benefit to him because his sentences would have run concurrently. But he would have faced a maximum sentence of life imprisonment if he had gone to trial and been convicted of one of the first-degree criminal-sexual-conduct charges. *See* Mich. Comp. Laws § 750.520b(2). By pleading guilty, he limited his maximum sentence to thirty years. The trial court correctly concluded that there was no reason to believe Petitioner was misled about his plea agreement being "less than standard." *See People v. Kikuchi*, No. 07-004084-01-FC, Opinion (Wayne Cty Cir. Ct. Feb. 9, 2015); (Dkt. # 13-8, Pg. ID 360). And because the plea agreement benefitted Petitioner, defense counsel was not ineffective for recommending that Petitioner accept the plea offer.

There also is no reason to believe that Petitioner's plea was involuntary or that he was not notified of his rights. In his Notice of Acceptance, dated March 16, 2007, Petitioner acknowledged the rights that he was waiving by pleading guilty. (*See* Dkt. # 1, Pg. ID 73.) Petitioner also waived his right to claim (1) that the guilty plea was the result of promises or threats that were not disclosed to the court at the plea proceeding and (2) that it was not his choice to plead guilty. (*Id.*)

As for Petitioner's allegation that he was unaware of the law until he researched the issues himself, the Sixth Circuit has held that a prisoner's *pro se* status and ignorance of the law do not amount to extraordinary circumstances warranting equitable

tolling of the limitations period. *Tanner v. Yukins*, 776 F.3d 434, 446 (6th Cir. 2015) (collecting cases). For all the foregoing reasons, the court declines to equitably toll the limitations period.

### E.  Actual Innocence

Actual innocence, if proved, serves as a gateway through which habeas petitioners may pass when the impediment to consideration of the merits of their constitutional claims is expiration of the statute of limitations. *Perkins*, 133 S. Ct. at 1928. But Petitioner pleaded guilty, and he does not claim to be innocent. "AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made." *Id*. at 1933. Petitioner therefore may not pass through the "actual innocence" gateway and have his claims heard on the merits.

### IV. CONCLUSION

Petitioner filed his habeas petitions after the statute of limitations expired, and he is not entitled to statutory or equitable tolling of the limitations period. He also is not entitled to pass through the "actual innocence" gateway and to have his claims heard on the merits. The court therefore dismisses the habeas corpus petitions (Dkt. # 1 and Dkt. # 3) as untimely.

### V.  DENYING A CERTIFICATE OF APPEALABILITY

Petitioner may not appeal the court's order dismissing his habeas petitions unless a district or circuit judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2).  When, as here, a district court rejects a habeas petition on procedural grounds without reaching the merits of the petitioner's underlying claims, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable whether the court correctly decided that Petitioner's habeas petitions are time-barred.  Nor would reasonable jurists debate whether the petitions state a valid claim of the denial of a constitutional right.  The court therefore declines to issue a certificate of appealability.

## VI.  CONCLUSION

Petitioner's habeas petition is untimely.  Habeas relief, therefore, is not warranted.  Accordingly,

IT IS ORDERED that Respondent's motion to dismiss (Dkt. # 12) is GRANTED and the habeas petitions (Dkt. # 1 and Dkt. # 3) are DISMISSED as untimely.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner's motion for appointment of counsel (Dkt. # 9) and motion to proceed anonymously (Dkt. # 11) are DENIED.

IT IS FURTHER ORDERED that Petitioner's motion for leave to amend (Dkt. # 10) is GRANTED.

Dated:  January 31, 2017              s/Robert H. Cleland                    /
                                      ROBERT H. CLELAND
                                      UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 31, 2017, by electronic and/or ordinary mail.

s/Shawna C. Burns            /
Case Manager Generalist
(810) 984-2056

S:\Cleland\JUDGE'S DESK\C1 ORDERS\16-11182.KIKUCHI.dispositive.order.docx